IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Audrey L. Kimner, | ) | C/A No.: 3:21-3776-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND NOTICE |
| State of South Carolina; and | ) | |
| Commission on Judicial Conduct, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Audrey L. Kimner ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of her constitutional rights. She sues the State of South Carolina and the Commission on Judicial Conduct (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff's complaint contains multiple allegations of wrongdoing and lists many violations of constitutional and statutory rights, but contains little ascertainable factual allegations. For example, in the space on the form complaint for Plaintiff to list the rights that have allegedly been violated she stated: "Deprivation of Rights, Federal law violations, privileges, ADA rights,

two Bill of Rights violations, HATE crime, parental rights, privacy rights violations privacy Act, wrongful imprisonment and arrest." [ECF No. 1 at 4]. In the space for her to show how each defendant acted under the color of state law, she states: "Created fake court orders under the color of law to extort awarded assets, homes, drain Wells Fargo accounts, and extort passport for false child support. Blocking travel, work, destroyed business and personal relationships." *Id*. Finally, in the space for Plaintiff to state the facts underlying her claims, she stated

> The State has a pattern of abusing power and process, and out of jurisdiction in a closed case to terrorize plaintiff and mentally injure plaintiff's children for years. Kidnapped children in 2015 under the color of law. County officials participated, harassed, and harmed plaintiff across state lines against Mary's law, tax Bill of Rights, threats to plaintiff and employer with fake court orders to have plaintiff intentionally suffer while stalking phones and computers with forensic proof. Extorted passport and illegal wire fraud to banks and state retirement stocks, homes, and wages.

[ECF No. 1 at 5]. Plaintiff seeks $250,000,000 in damages. She also attaches over 100 pages of documents, many of which are incomplete, without further explanation.

II.     Discussion

    A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

2

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Conclusory and Vague Allegations

While "a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel ... a district court is not obligated to ferret through a [c]omplaint ... that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.*, No. 1:13-cv-00478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted); *see also Green v. Sumter Court*, No. 3:07-cv-JFA-BM, 2007 WL 2022199, at *2 (D.S.C. July 9, 2007) (noting that federal courts cannot serve as "mind readers" or "advocates" for *pro se* litigants). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States

4

Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff may believe the State's policies as a whole injured her, she must provide specific information as to how any defendant has violated the law. Plaintiff's complaint does not contain sufficient factual allegations of wrongdoing attributable to Defendants.

2.      The Commission on Judicial Conduct is Not "Persons"

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal*

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

5

*Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Groups of individuals in a building do not qualify as a "person" who can act under color of state law for purposes of § 1983. *See Kane v. Beaufort Cty Sheriffs Dep't*, C/A No. 9:14-508-RMG, 2015 WL 404570, at *6 n.2 (D.S.C. Jan. 29, 2015) (noting that "[a] department is not a person subject to suit under § 1983"). Similarly, state agencies are not considered a person pursuant to § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). Here, Defendants are not considered "persons" subject to suit under § 1983, and Plaintiff's complaint is subject to summary dismissal.

To the extent Plaintiff alleges Defendants are liable under another statute such as the ADA, Plaintiff has also failed to allege facts showing how Defendants allegedly violated a statute.

        3.     State of South Carolina

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v.*

*Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] Accordingly, the state of South Carolina is entitled to summary dismissal from the action.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **December 10, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit. S.C. Code Ann. § 15-78-20(e).

IT IS SO ORDERED.

November 19, 2021                                   Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge