IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Audrey L. Kimner,<br><br>      Plaintiff,<br><br> vs.<br><br>State of South Carolina; John Nichols; and Lesley Coggiola,<br><br>      Defendants. | Civil Action No. 3:21-cv-3776-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's *pro se* Complaint filed November 17, 2021. ECF No. 1 (Complaint). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On November 19, 2021, the Magistrate Judge entered a Proper Form Order and Order and Notice, notifying Plaintiff of deficiencies in her Complaint and allowing an opportunity to amend. ECF Nos. 7, 8. Plaintiff then filed a "Motion to Decline a Magistrate Judge; Motion for Hearing" which was denied, with additional time provided to file an Amended Complaint. ECF Nos. 13, 14. Plaintiff filed an Amended Complaint on December 29, 2021. ECF No. 15. The same day, she also filed "Objections" to the Order allowing time to file an Amended Complaint. ECF No. 18. On January 24, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice. ECF No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed a "Motion with new evidence to support this Complaint" on January 31, 2022. ECF No. 24.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommended dismissal because Plaintiff has failed to provide specific information about how Defendants violated the law or engaged in wrongdoing specifically attributable to Defendants. The Report also found prosecutorial immunity applies to bar the claims against Disciplinary Counsel Defendants and Eleventh Amendment immunity bars the claims against the State of South Carolina. ECF No. 21. Plaintiff filed a "Motion with new evidence to support this complaint" on January 28, 2022. ECF No. 24. She complains of a home sale that appears unrelated to any of the three Defendants, then notes the state "continues to refuse to return plaintiffs passport, retirement and 401k, along with blocking plaintiff ability to travel and work per privileges and rights. The state garnished plaintiffs wages illegally in CA, TX, etc, and refuses to correct their errors from prejurous [*sic*] court orders out of jurisdiction, which are not enforceable." *Id.* at 2 (errors in original). She also claims the state refuses to take her "false arrest

photo off social media on plaintiffs business page" and apparently removed her children from her care. *Id.*

After a de novo review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's subsequent filing, the court agrees with the Report's recommendation this matter must be dismissed. Plaintiff cannot bring her claims against Disciplinary Counsel or the State of South Carolina due to prosecutorial and Eleventh Amendment immunity. Nothing in Plaintiff's "Motion with new evidence" changes this conclusion. The court further agrees Plaintiff's Amended Complaint does not contain specific allegations against each Defendant. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed with prejudice, as Plaintiff has been provided an opportunity to amend her Complaint and failed to sufficiently do so.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 15, 2022

3